UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

JAIME R. HUTH,

Plaintiff,

v.

HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,

Defendant.

______________________________________)

## COMPLAINT

The Plaintiff, JAIME R. HUTH ("HUTH"), by and through her undersigned counsel, hereby sues HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY ("HARTFORD"), and alleges as follows:

## JURISDICTION, VENUE AND PARTIES

1. This action arises under ERISA or the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq., and more particularly 29 USC §1132 (a) (1) (B) thereof. This Court has jurisdiction under 29 USC § 1132 (f), which grants to the federal court original jurisdiction to determine claims under 29 USC §§ 1001 et seq. HUTH brings this action to recover long-term disability ("LTD") benefits due to her under the terms of an employee welfare benefit plan, to enforce her rights under the plan and to clarify her rights to benefits under the terms of the plan.

2. HUTH was at all times relevant a citizen of the United States of America and in all respects sui juris.

3. HARTFORD is a corporation with its principal place of business in the State of Connecticut, authorized to transact and is transacting business in the Southern District of Florida.

4. Venue is proper in this District under 29 USC 1132 (e)(2), in that the defendant, HARTFORD, is authorized to and is doing business within the Southern District of Florida and "may be found" in the Southern District of Florida

## FACTUAL ALLEGATIONS

5. This case arises out of the purposeful, unwarranted and unlawful denial of disability benefits to HUTH by HARTFORD.

6. HUTH was at all times material an employee of EQUIFIRST CORPORATION ("EQUIFIRST").

7. HUTH was at all times material a plan participant under the EQUIFIRST Long Term Disability Plan, Group Policy Number GLT-219510 (the "LTD Plan") which is established by EQUIFIRST and pursuant to which HUTH is entitled to benefits. A true and correct copy of the LTD Plan has been attached hereto as Exhibit "A."

8. The LTD Plan is an employee welfare benefit plan within the meaning of Title 29, USC § 1002 and regulated by ERISA.

9. HARTFORD is the insurer of benefits under the LTD Plan and was appointed by EQUIFIRST, the Plan Administrator, as the named fiduciary for deciding claims for benefits under the LTD Plan, and for deciding any appeals of denied claims.

10. As the decision maker and payor of plan benefits, HARTFORD administered the claim with a conflict of interest and the bias this created affected the claims determination. As such, HARTFORD is not entitled to a deferential standard of review.

11. Pursuant to the terms and conditions of the LTD Plan, HUTH is entitled to LTD benefits for the duration of her disability, for so long as she remains disabled as required under the terms of the LTD Plan.

12. According to the LTD Plan,

**Disability or Disabled** means that during the Elimination Period and for the next 24 months you are prevented by:

1) Accidental bodily injury;
2) Sickness;
3) Mental Illness;
4) Substance Abuse; or
5) Pregnancy.

from performing one or more of the Essential Duties of Your Occupation, and as a result your Current Monthly Earnings no more than 80% of Your Indexed Pre-disability Earnings;

After that, you must be prevented from performing one or more of the Essential Duties of Any Occupation.

Your failure to pass a physical examination required to maintain a license to perform the duties of Your occupation does not alone mean that You are Disabled.

**Any Occupation** means any occupation for which You are qualified by education, training or experience, and that has an earnings potential greater than an amount equal to the lesser of the product of Your Indexed Pre-disability Earnings and the Benefit Percentage and the Maximum Monthly Benefit shown in the Schedule of Benefits.

13. Since approximately April 6, 2007, HUTH has been disabled under the terms of the LTD Plan.

14. Shortly after becoming disabled under the terms of the plan, HUTH made a claim to HARTFORD for disability benefits which HARTFORD initially approved and paid September 20, 2015.

15. While on claim for LTD benefits, HARTFORD in a letter dated September 20, 2015, terminated HUTH'S claim contending HUTH was not disabled.

16. HUTH properly appealed HARTFORD'S adverse determination.

17. In a letter dated January 28, 2016 HARTFORD affirmed its adverse determination and advised HUTH that HARTFORD'S decision was final and not subject to further review.

18. At all relevant times, HUTH complied with all conditions precedent and exhausted all required administrative remedies under the LTD Plan.

19. At all relevant times, specifically during the elimination period as defined in the Plan and

for 24 months following the elimination period, HUTH has been prevented from performing one or more of the essential duties of her own occupation.

20. At all times material, specifically after 24 months of disability, HUTH has been unable, due to her disability, to perform one or more of the essential duties of any occupation for which she is qualified by education, training or experience and that has an earnings potential required under the terms of the LTD Plan.

21. At all relevant times, HUTH has been and is under the regular care of a physician.

22. At all relevant times, HUTH was a Covered Person under the LTD Plan.

23. From September 21, 2015 to the present date, HUTH has not received benefits owed to her under the LTD Plan, despite HUTH'S right to these benefits.

24. HARTFORD has refused to pay HUTH'S LTD benefits since September 21, 2015.

25. At all relevant times, HARTFORD was the payor of benefits.

26. At all relevant times, HARTFORD was the "Insurance Company" identified throughout the LTD Plan.

27. At all relevant times, HARTFORD was appointed by EQUIFIRST, the Plan Administrator, as the named fiduciary for deciding claims for benefits under the LTD Plan, and for deciding any appeals of denied claims.

28. At all relevant times, HUTH has been and remains Disabled and entitled to LTD benefits from HARTFORD under the terms of the LTD Plan.

29. HUTH has been forced to retain the services of the undersigned counsel in order to prosecute this action and is obligated to pay a reasonable attorney's fee.

**CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS PURSUANT TO 29U.S.C. § 1132(a)(1)(B)**

30. HUTH incorporates Paragraphs 1 through 29 as if fully set forth herein.

31. This is a claim to recover benefits, enforce rights, and clarify rights to future benefits under 29 U.S.C. §1132(a)(1)(B)

32. Pursuant to 29 U.S.C. §1132(a)(1)(B), HUTH, as a participant under the LTD Plan, is entitled to sue for judicial determination and enforcement of benefits.

33. HUTH has no other adequate remedy at law to address the injuries she has suffered and will continue to suffer as a result of HARTFORD'S failure to pay her disability benefits.

34. HUTH has exhausted all administrative remedies under the LTD Plan.

35. Defendant breached the LTD Plan and violated ERISA in the following respects:

(a) Failing to pay LTD benefit payments to HUTH at a time when HARTFORD knew, or should have known, that HUTH was entitled to those benefits under the terms of the LTD Plan, as HUTH was disabled and unable to work and therefore entitled to benefits.

(b) Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the termination of HUTH'S claim for LTD benefits;

(c) After HUTH'S claim was terminated in whole or in part, HARTFORD failed to adequately describe to HUTH any additional material or information necessary for HUTH to perfect her claim along with an explanation of why such material is or was necessary.

(d) HARTFORD failed to properly and adequately investigate the merits of HUTH'S disability claim and failed to provide a full and fair review of HUTH'S claim.

36. HUTH believes and thereon alleges that HARTFORD wrongfully terminated her claim

for disability benefits under the LTD Plan by other acts or omissions of which HUTH is presently unaware, but which may be discovered in this future litigation and which HUTH will immediately make HARTFORD aware of once said acts or omissions are discovered by HUTH.

37. Following the termination of benefits under the LTD Plan, HUTH exhausted all administrative remedies required under ERISA, and HUTH has performed all duties and obligations on her part to be performed under the LTD Plan.

38. As a proximate result of the aforementioned wrongful conduct of HARTFORD, HARTFORD has damages for loss of disability benefits in a total sum to be shown at the time of trial.

39. As a further direct and proximate result of this improper determination regarding HUTH'S claim for benefits, HUTH, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), HUTH is entitled to have such fees and costs paid by HARTFORD.

40. The wrongful conduct of HARTFORD has created uncertainty where none should exist, therefore, HUTH is entitled to enforce her rights under the terms of the LTD Plan and to clarify her right to future benefits under the terms of the LTD Plan.

**REQUEST FOR RELIEF**

WHEREFORE, JAIME R. HUTH prays for relief against HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which she is entitled by virtue of her disability, and that

benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: November 17, 2016

ATTORNEYS DELL AND SCHAEFER,
CHARTERED
Attorneys for Plaintiff
2404 Hollywood Boulevard
Hollywood, FL 33020
Phone: (954) 620-8300
Fax: (954) 922-6864

__/s/ *Victor Peña*
VICTOR PEÑA, ESQUIRE
Florida Bar No.: 0108094
Email: victor@diattorney.com
GREGORY MICHAEL DELL, ESQUIRE
Florida Bar No.: 299560
Email: gdell@diattorney.com